UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Petitioner, <br><br> v. <br><br> AIALAISA JOSEPH TOFIGA, <br><br> Respondent. | Case No. 11cv0432-IEG (BLM) <br><br> ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |

The Government has petitioned the Court for an order enforcing two Internal Revenue Service ("IRS") Summonses issued to Aialaisa Joseph Tofiga ("Respondent"). On March 8, 2011, the Court issued an order to show cause why the IRS summonses should not be judicially enforced. On March 24, 2011, the IRS served a copy of the order to show cause on Respondent. Respondent did not file a written response.

A hearing was held on the Government's petition on May 16, 2011, at 10:30 a.m. The IRS was represented by Assistant United States Attorney Raven M. Norris. Respondent did not appear. For the reasons explained herein, the Government's Petition to Enforce the summons is granted.

BACKGROUND

The IRS is conducting an investigation regarding Respondent's continuing failure to file personal income tax returns and his ability to pay assessed income tax liabilities. [Declaration of Revenue Officer Brent Scoville in Support of Petition ("Scoville Decl."), ¶ 2.] On September 24, 2010, in furtherance of the above investigation, Brent Scoville, a Revenue Officer employed by the IRS, issued two IRS summonses to Respondent. [Id. at ¶ 3; Ex. A-B.] The first summons relates to Respondent's

failure to file income tax returns for the 2006 and 2007 tax years. [Id. at ¶ 3; Ex. A.] The second summons relates to Respondent's ability to pay income tax liability assessed against him for the 2008 tax year. [Id. at ¶ 3; Ex. B.] On September 30, 2010, the IRS served copies of the summonses on Respondent by leaving a copy with his mother at his last and usual abode. [Id. at ¶ 4.]

The summonses required Respondent to appear before the IRS on October 15, 2010 in order to give testimony and produce for examination documents and records specified in the summonses. [Id. at ¶¶ 3,5.] On October 15, 2010, Respondent did not appear or otherwise provide documents and information requested by the summonses. [Id. at ¶ 6.] The IRS provided Respondent another opportunity to comply with the summonses and directed him to appear on December 7, 2010. [Id. at ¶ 7.] Respondent failed to appear on December 7, 2010, and did not provide any of the summonsed information. [Id. at ¶ 8.] To date, Respondent has not provided the documents and testimony requested by either summons. [Id. at ¶ 9.] The books, records, papers, and other data sought by the summonses are not already in the possession of the IRS. [Id. at ¶ 10.]

On March 2, 2011, the Government petitioned the Court to enforce the issued summonses. On March 8, 2011, the Court ordered Respondent to appear on May 16, 2011 to show cause why he should not be compelled to comply with the IRS summonses. The IRS served the order to show cause on Respondent on March 24, 2011 and filed proof of service with the Court on March 29, 2011. Respondent did not file any written opposition to the Government's petition.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant of material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue. . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS'

1  possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v.
2  United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58
3  (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction by the
4  sworn declaration of the revenue agent who issued the summons that Powell requirements have been
5  met." Id. at 120. Once the government has made a prima facie showing that enforcement of the
6  summons is appropriate, the burden shifts to the respondent to show that enforcement of the summons
7  would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized
8  respondent's burden as a heavy one. Id.

9       The government's petition and Revenue Officer Scoville's supporting declaration satisfies all
10 four elements of the Powell standard. First, the IRS is conducting an investigation regarding
11 Respondent's continuing failure to file personal income tax returns for the 2006 and 2007 tax years and
12 Respondent's ability to pay assessed income tax liabilities for the 2008 tax year. [Scoville Decl., ¶¶ 2,
13 3.] Such investigations are expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code
14 explicitly allows the issuance of summonses for the purpose of determining "the liability of any person
15 for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a). Thus, the
16 summonses were issued for a legitimate purpose. Second, Revenue Officer Scoville declared in his
17 affidavit that the information requested by the summonses may be relevant to the IRS's determination
18 of Respondent's ability to pay income tax liabilities assessed against him and to the IRS's attempt to
19 secure Respondent's delinquent tax returns. [Id. at ¶ 12.] Third, the IRS does not already possess the
20 papers, records, and other data sought by the summonses. [Id. ¶ 10.] Finally, the IRS has followed and
21 exhausted all required administrative steps, but Respondent has not complied with the summonses. [Id.
22 at ¶ 11.] Thus, the Government has made *prima facie* showing that it is entitled to judicial enforcement
23 of the summons.

24 ///
25 ///
26 ///
27 ///
28 ///

3

## CONCLUSION

For the reasons set forth herein, the Government's Petition to Enforce the IRS summonses is GRANTED. Respondent, Aialaisa Joseph Tofiga, is directed to appear before IRS Revenue Officer Brent Scoville or his designee, on June 17, 2011, at 9:00 a.m., at the offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, and to produce the documents and give testimony as directed in the summons. The United States shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED**

**DATED: May 17, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

4